UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TYRONE DOUGLAS CAROLINA,         :
    Plaintiff,                              :
                                                 :     PRISONER
v.                                                     :     Case No. 3:12-cv-163 (VLB)
                                                 :
LT. MIKE PAFUMI, et al.,                 :
    Defendants.                          :

## INITIAL REVIEW ORDER

Plaintiff Tyrone Douglas Carolina, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 (2000), against defendants Lieutenant Mike Pafumi, Captain Napp, Dr. Write and Nurse Vicki. The plaintiff asserts a claim for use of excessive force.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the

complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

     The plaintiff suffers from an enlarged heart.  He alleges that on December 6, 2011, defendants Write and Vicki checked the plaintiff's vital signs in response to his complaints of dizziness, headaches, blurred vision and left-side numbness and determined that he should be take to the medical unit for examination.  The plaintiff was transported to the medical unit by wheelchair.  Defendant Vicki told defendants Pafumi and Napp that the plaintiff was faking his illness.  The plaintiff did not immediately get up when ordered to prepare to return to his housing unit.  With defendant Napp's approval, defendant Pafumi sprayed the plaintiff with excessive amounts of a chemical agent.  Defendants Vicki and Write did not intercede to prevent the excessive use of the chemical agent.

     The court concludes that the case should proceed at this time.

## ORDERS

The Court enters the following orders:

(1)  The Pro Se Prisoner Litigation Office shall verify the current work addresses for each defendant with the Department of Correction Office of Legal Affairs. If no Captain Napp or Dr. Write are identified, the Pro Se Prisoner Litigation Office shall check for a Captain Knapp and Dr. Wright. The Pro Se Prisoner Litigation Officer shall mail waiver of service of process request packets to each defendant at the confirmed addresses within fourteen (14) days of this Order. The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)  The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(3)  The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4)  The defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.

**If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.**

**(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.**

**(6)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.**

**(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.**

So ordered this 8th day of March 2012, at Hartford, Connecticut.

_____/s/_____
**Vanessa L. Bryant
United States District Judge**