UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYRONE D. CAROLINA, :<br>    Plaintiff, :<br>                                           :<br>    v.                                   :<br>                                           :<br>LT. MIKE PAFUMI, et al., :<br>    Defendants.                  :` | CASE NO. 3:12-cv-163 (VLB)<br><br><br>February 18, 2014 |

### RULING ON PENDING MOTIONS

On April 17, 2013, the court granted the defendants' motion for summary judgment.  On May 10, 2013, the plaintiff filed a motion to reopen judgment and afford him ninety days to file an objection to the motion.  The court considered the motion both as a motion to alter or amend judgment filed pursuant to Fed. R. Civ. P. 59(e) and a motion for relief from judgment filed under Fed. R. Civ. P. 60(b).  On June 20, 2013, the court denied the motion to reopen.  The plaintiff now has filed a second motion to reopen judgment, a motion for hearing and a motion for leave to file an appeal.

I.     Motion to Reopen Judgment

The plaintiff has filed a second motion to open judgment and file a response to the defendants' motion for summary judgment.  He does not indicate whether he files his motion pursuant to Rule 59(e) or 60(b).  A motion to alter or amend judgment must be filed within twenty-eight days after the entry of judgment.  Fed. R. Civ. P. 59(e).  As judgment entered on April 18, 2013 [Doc. #40],

1

any motion to alter or amend judgment would be untimely. Thus, the court considers the motion as filed pursuant to Rule 60(b)(1).

The court previously concluded that the plaintiff failed to show that he was prevented from opposing the defendants' motion for summary judgment by mistake, inadvertence, surprise or excusable neglect. The court emphasized that the plaintiff was not a novice litigator. He was aware that he could file a motion for extension of time to file his response and that the court would probably grant such a motion. The court also noted that the plaintiff did not require legal assistance or access to the prison law library to file a motion for extension of time. See Doc. #44.

The plaintiff now states that, after receiving the defendants' motion for summary judgment, he waited for legal help from Inmates' Legal Assistance Program or another attorney to whom he had been referred. He also states that Attorney Michael Rubino from Inmates' Legal Assistance Program advised him "not to move forward until he finished his investigation." Doc. #47 at 1. The fact that the plaintiff was under the impression that he would receive legal assistance from an attorney without an appearance in the case, an attorney of whom the court would be unaware, does not excuse the plaintiff from seeking an extension of time to obtain that assistance.

In addition, one of the documents attached to the plaintiff's motion is a June 25, 2012 letter from Attorney Rubino indicating that his medical reviewer determined that the plaintiff stated a prima facie case. Doc. #47 at 28. This letter suggests that Attorney Rubino had reviewed the case long before the defendants

2

filed their motion for summary judgment. The plaintiff provides no communication from Attorney Rubino advising him to take no action in the case. Further, even if Attorney Rubino had provided that advice, the plaintiff should have included that cautionary language to support a motion for extension of time.

The court again concludes that the plaintiff has not provided any reason why he could not file a motion for extension of time. Thus, this is not a mistake that warrants reopening this case. Nor has the plaintiff demonstrated that he was prevented from filing his opposition to the defendants' motion for summary judgment for any other mistake or by inadvertence, surprise or excusable neglect. The plaintiff's motion to reopen judgment is denied.

## II. Motion for Hearing

The plaintiff seeks a hearing to address his arguments to the court. In light of the denial of the motion to reopen, the motion for hearing is denied as moot.

## III. Motion for Leave to File Appeal

Finally, the plaintiff seeks leave to file an appeal. Judgment entered on April 18, 2013. The plaintiff timely filed a motion to reopen judgment. Thus, the thirty-day appeal period commenced on June 20, 2013, the date the court issued the ruling on the motion to reopen judgment. See Fed. R. App. P. 4(a)(4)(A). The appeal period ended on July 20, 2013.

The district court may, however, grant an extension of time to file an appeal if the request is filed within thirty days after the appeal period expired, and the party shows excusable neglect or good cause. See Fed. R. App. P. 4(a)(5)(A). The court received the plaintiff's motion on August 16, 2013, within the thirty-day

period.  Accordingly, the court construes the plaintiff's motion as a motion for extension of time to file an appeal and grants the motion.  Plaintiff asserts in his Motion for an Appeal he was told by an attorney from the Inmates Legal Assistance Program that he had one year to file an appeal.  [Doc. #46.] It appears that Plaintiff was communicating with the Inmate Legal Assistance Program both by phone and by mail during this period, see Attachments to Doc. #47, and the Court construes him as misunderstanding that he had a year, rather than 30 days, to appeal.  This misunderstanding is sufficient to establish excusable neglect.  Plaintiff has 30 days from the date of this order to file his appeal.

IV.   Conclusion

The plaintiff's motion to reopen judgment [Doc. #47] is DENIED and his motion for hearing [Doc. #45] is DENIED as moot.  The plaintiff's motion for leave to file an appeal [Doc. #46] is GRANTED.

SO ORDERED this 18th day of February 2014 at Hartford, Connecticut.

_____/s/_____
Vanessa L. Bryant
United States District Judge

4