# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYRONE DOUGLAS CAROLINA,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :    CASE NO. 3:12-cv-163 (VLB) |
| MIKE PAFUMI, et al.,<br>    *Defendants*. | :<br>:<br>: |

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [DKT. 56]

Plaintiff Tyrone Douglas Carolina seeks reconsideration of the ruling granting Defendants' motion for summary judgment and the judgment entered in this case. On April 17, 2013, the Court granted Defendants' motion for summary judgment. See Doc. #39. Plaintiff's appeal was dismissed by mandate dated September 15, 2015, as lacking an arguable basis in fact or law. *See* Doc. #55.

A motion for reconsideration must be filed within fourteen days from the date of the decision for which reconsideration is sought. D. Conn. L. Civ. R. 7(c)1. Judgment entered in this case nearly four years before Plaintiff filed this motion. Thus, the motion is denied as untimely filed.

Further, even if the motion were timely, reconsideration is not warranted. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the Court overlooked and that would reasonably be expected to alter the Court's decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Any new evidence must be "truly newly discovered or

1

could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012). A motion for reconsideration may not be used to relitigate an issue the court already has decided. *See Shrader*, 70 F.3d at 257; *SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), *aff'd in part and vacated in part on other grounds*, 505 F.3d 183 (2d Cir. 2007).

Plaintiff argues that the case was dismissed under the three strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Plaintiff is mistaken. This case was decided on the merits. *See* Doc. #39. As Plaintiff identifies no law or facts that the Court overlooked in the decision granting Defendants' motion for summary judgment, reconsideration is not warranted.

As judgment has entered, the Court also considers Plaintiff's motion under Federal Rule of Civil Procedure 60(b), which identifies several reasons for which a party may be relieved from judgment. The only applicable section of the rule would be in section 60(b)(6), the catch-all provision which encompasses any reason justifying relief from judgment. To prevail on a motion to reopen judgment, Plaintiff must demonstrate the existence of "exceptional circumstances" warranting relief. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *see also D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002) ("Material offered in support of a motion to vacate under Rule 69(b)(6) must be highly convincing material."). Plaintiff, however, has presented no evidence that exceptional circumstances exist in this case. In fact, he has asserted no arguments relating to the merits of the claims asserted in this

case. Thus, relief under Rule 60(b) is not warranted.

**Plaintiff's motion for reconsideration [Doc. #56] is DENIED.**

**SO ORDERED this 4th day of August 2017, at Hartford, Connecticut.**

                                                    /s/
                                  **Vanessa L. Bryant**
                                  **United States District Judge**